UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABRYEL WILDER,

                    Plaintiff,

          v.

U.S. ARMY CORPS OF ENGINEERS, *et al.*,

                    Defendants.

Cause No. C21-0574RSL

ORDER REQUIRING A MORE
DEFINITE STATEMENT

On May 4, 2021, plaintiff's application to proceed *in forma pauperis* was granted and her complaint and request for injunction was accepted for filing. The complaint identifies only Ms. Wilder as plaintiff and two defendants, the U.S. Army Corps. of Engineers and the "Office of Counsel." Dkt. # 8 at 1-2. An attachment to the form complaint identifies another 56 defendants (Chiae Wilder is included twice). Dkt. # 8-1. Plaintiff asserts claims under the Freedom of Information Act ("FOIA") and 18 U.S.C. § 241 (conspiracy against rights secured by the U.S. Constitution or laws). Dkt. # 8 at 3.

The factual bases for plaintiff's claims are not entirely clear, but it appears that plaintiff is in need of information from some subset of the individuals and entities listed in Attachment A for use in one or more court proceedings. Her efforts to obtain the information - potentially

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 1

through a FOIA request or a subpoena - have been thwarted, and her inability to present evidence has resulted in the loss of plaintiff's assets, home, and children, apparently at the hands of another subset of the individuals or entities listed in Attachment A. The Court does not doubt plaintiff's allegations that she and her 15-year-old "have been ordered out of community property home and granted no means to live" or that the loss of her assets and children has caused severe emotional distress. Dkt. # 8 at 5. Plaintiff's complaint does not, however, allege facts from which one could plausibly infer that any particular defendant acted wrongfully towards her. With regards to the Tacoma Police Department, for example, plaintiff states:

> On [or] about as [recent] as 3/24/2021 (many prior incidents/dates) failed to obey subpoena, repeatedly denial. Failure to prosecute crimes involving plaintiff and children. Close to about 39 years listing Plaintiff's mother Lee Ann Longnecker aka Lee Ann Wilson aka Lee Ann Walker as victim. 5 U.S. Code section 552 et seq. (1966) The freedom of Information Act (FOIA), Section 241, Title 18 U.S.C. Conspiracy against rights.

Dkt. # 8-1 at 1. Plaintiff does not provide any specifics regarding the subpoena (date served, authorizing court, what was sought), nor does she explain how the Tacoma Police Department's failure to respond caused the losses of which she complains. The failure to prosecute allegation is entirely conclusory. With regards to the decades-old files identifying plaintiff's mother as a victim, there does not appear to be any connection between the characterization and plaintiff's losses.

The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (*see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's complaint is deficient for the following reasons:

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 2

1. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. *Twombly*, 550 U.S. at 555.

Approximately sixteen of the named defendants are identified only in lists, with no mention in the body of the complaint and no description in Attachment A. These defendants - and the Court - would have to guess what acts they are supposed to have committed. The majority of defendants fall into a category with the Tacoma Police Department: even if they have an idea of what they are supposed to have done, it is unclear how those acts relate to, much less establish, a FOIA or conspiracy claim. At a bare minimum, Rule 8(a) mandates that plaintiff "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint fails to serve this vital purpose as to most of the named defendants.

2. To the extent plaintiff is seeking review of the state court's judgments and determinations in the underlying custody disputes, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). The doctrine arises from 28

U.S.C. § 1257 which grants jurisdiction to review a state court judgment in the United States Supreme Court and, by negative inference, prohibits lower federal courts from doing so. *Kougasian v .TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

3. To the extent plaintiff is asserting claims against one or more prosecutors, they are immune from liability under both the common law and § 1983 for conduct occurring within the scope of their duties. *See Imbler v. Pachtman*, 424 U.S. 409, 422-25 (1976).

> A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. *Cf. Bradley v. Fisher*, 13 Wall., at 348, 20 L.Ed. 646; *Pierson v. Ray*, 386 U.S., at 554, 87 S.Ct., at 1217. Further, if the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law.

*Id.* at 424-25. Plaintiff's claims as they relate to the prosecutor's handling of King County Superior Court Case No. 18-3-73982-2 KNT are therefore barred.

4. To the extent plaintiff is asserting claims against judicial officers, "[i]t has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)). Judicial immunity is "absolute" in that it protects the decision-maker from exposure to the litigation process in its entirety: the official is not only free from the risk of a damage award, but also free from suit. *Saucier v. Katz*,

533 U.S. 194, 201 (2001). "[V]arious forms of immunity, including . . . judicial, reflect a policy that the public is better served if certain public officials exercise their discretionary duties with independence and without fear of the burdens of a civil suit for damages." *Schrob v. Catterson*, 967 F.2d 929, 937 (3rd Cir. 1992). Immunity is particularly appropriate in situations, such as this, where procedural or substantive errors can be challenged through a motion for reconsideration and/or on appeal: resort to a separate § 1983 action is unnecessary. *Mitchell v. Forsyth*, 472 U.S. 511, 522-23 (1985) ("[T]he judicial process is largely self-correcting: procedural rules, appeals, and the possibility of collateral challenges obviate the need for damages actions to prevent unjust results."). Thus, any claim against a judicial officer for his or her determinations and rulings is barred.

For all of the foregoing reasons, the Court declines to issue a summons in this matter. Plaintiff may have a viable claim against one or more of the named defendants, but she has not alleged sufficient facts to give rise to a plausible inference of liability. Plaintiff is hereby ORDERED to file on or before June 1, 2021, an amended complaint which clearly and concisely identifies the acts of which each named defendant is accused <u>and</u> provides sufficient facts to show that the defendant violated FOIA and/or participated in a conspiracy to violate plaintiff's rights under the U.S. Constitution or laws. The key to filing an acceptable amended complaint will be providing enough facts about the conduct of each defendant that he, she, or it has sufficient notice to mount a defense and from which one could plausibly infer that plaintiff has a viable legal claim and a right to relief against that defendant. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that

asserts a plausible claim for relief will result in dismissal of this action.

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, June 4, 2021.

Dated this 5th day of May, 2021.

Robert S. Lasnik
United States District Judge