UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABRYEL WILDER,<br><br>               Plaintiff,<br><br>     v.<br><br>U.S. ARMY CORPS OF ENGINEERS, *et al.*,<br><br>               Defendants. | Cause No. C21-0574RSL<br><br>ORDER OF DISMISSAL |

On May 5, 2021, plaintiff Abryel Wilder was ordered to provide a more definite statement of the claims asserted in this litigation that clearly and concisely identifies the acts of which each named defendant is accused <u>and</u> provides sufficient facts to show that the defendant violated the Freedom of Information Act ("FOIA") and/or participated in a conspiracy to violate plaintiff's rights under the U.S. Constitution or laws. Dkt. # 9. The Court pointed out a number of fatal flaws in the original pleading and notified plaintiff that "[t]he amended complaint will replace the existing complaint in its entirety." Dkt. # 9 at 5. On May 25, 2021, plaintiff filed an Amended Complaint. Dkt. # 12.[1]

The Amended Complaint specifically identifies 96 individuals or entities, including the

---

[1] Plaintiff has also filed two requests for discovery and two requests for subpoenas. Dkt. # 10, 11, 15, and 16.

ORDER OF DISMISSAL - 1

undersigned, as defendants. Another 147 individuals are listed in the section of the complaint entitled "Parties." The Amended Complaint describes a guardian ad litem report from 1985, a February 2007 interaction with Officer Valley of the Lakewood Police Department, 2009 and 2010 interactions with Officer Ryan Moody of the Lakewood Police Department, the retaliatory charges filed against her in 2019 when she attempted to lodge a complaint, and a November 2019 interaction with Officers Jamin Dobson, Joshua Northcutt, and Ryan Moody of the Lakewood Police Department. The Amended Complaint also accuses certain defendants of making false statements, conspiracy, defamation, enforcing illegal acts, interfering with custodial orders, failing to take action on plaintiff's complaints, assigning ineffective counsel, stealing and destroying property, and mishandling a divorce proceeding. Ms. Wilder asserts claims under FOIA, the statute creating the National Center on Child Abuse and Neglect (42 U.S.C.A. § 5101, *et seq.*), community-based grant programs, 42 U.S.C. § 1983, and the Racketeer Influenced and Corrupt Organization Act ("RICO"). Plaintiff also accuses defendants of civil and criminal conspiracy, improperly handling defense information, breach of fiduciary duties, retaliation, obstruction of judicial proceedings, witness tampering, contempt, failure to report suspected child abuse, identity theft, fraud/false statements, law enforcement misconduct, Judicial Code of Conduct violations, and hate crimes. The period of time in which plaintiff's claims arose is said to be 1980-2021, and the defendants against whom each and every claim is asserted are:

> US ARMY Corps of Engineers, *et al.*
> Office of Counsel, *et al.*
> United States Court, *et al.*
> Pierce Court, *et al.*
> Pierce Court Courthouse, *et al.*

ORDER OF DISMISSAL - 2

      Judges for Pierce County, *et al.*
      Joan Blue, *et al.*
      Children Home Society of Washington, *et al.*
      Washington State, *et al.*
      The People of Washington State, *et al.*
      Secretary of State, *et al.*
      Department of the Secretary of the State of Washington, *et al.*
      Corneille & Rodgers, *et al.*
      Pierce County Policy Department, *et al.*
      Pierce County Prosecutors, *et al.*
      GAL, *et al.*
      Richard Roger

Ms. Wilder seeks $64 trillion in compensatory damages, $1 million in punitive damages, and an award of attorney's fees. She also seeks a wide-ranging injunction against a single, unidentified defendant.

      Plaintiff's revised statement of the claims remains deficient under the standards articulated in 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 8(a)(2). Having thoroughly reviewed the 52 singled-spaced pages that make up the Amended Complaint, the Court finds that very few of the persons identified as "Parties" to the complaint would know what they are supposed to have done and even fewer would understand how the alleged conduct gives rise to a cause of action. In the very few instances where plaintiff provides some context for the claims asserted, her allegations are entirely conclusory. For example, plaintiff accuses Officers Dobson of false imprisonment based on a formulaic recitation of the elements of that claim: the officer "knowingly restrained plaintiff unlawfully so as to interfere substantially with plaintiff's liberty." Dkt. # 12 at 32. Similarly, Officer Northcutt is accused of making a false and misleading statement in his November 2, 2019, police report without identifying the statement or

ORDER OF DISMISSAL - 3

explaining why it was false. Dkt. # 12 at 34-36. Plaintiff has failed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" against any of the persons identified in the Amended Complaint.

The above-captioned matter is therefore DISMISSED without prejudice. No additional documents will be accepted for filing under this cause number other than a Notice of Appeal. If plaintiff opts to refile a complaint related to these events, she is strongly advised to name only a single defendant and confine the factual allegations to that defendant's conduct and the legal claims against that defendant.

Dated this 11th day of June, 2021.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 4